**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Steven J. Roy

v.                                    Civil No. 07-cv-353-PB

William Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.[1]

**O R D E R**

Before the Court is New Hampshire State Prison("NHSP") inmate Steven Roy's complaint and addenda thereto (document nos. 1, 13, 16 & 17),[2] filed pursuant to 42 U.S.C. § 1983. The matter is before me for preliminary review to determine whether the complaint states any claim upon which relief might be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A) (authorizing magistrate judge to preliminary review pro se prisoner complaints).

---

[1] In addition to William Wrenn, Roy also names New Hampshire State Prison ("NHSP") Warden Richard Gerry, former NHSP Warden Bruce Cattell, NHSP Medical Director Dr. Robert McLeod, NHSP Dental Director Dr. Karen Anderson, NHSP Unit Manager Lucie Bilodeau, and NHSP Lt. Tony Kingsbury as defendants to this action.

[2] The complaint and addenda, in the aggregate, will be considered to be the complaint in this matter for all purposes.

For reasons fully explained in the Report and Recommendation issued simultaneously with this Order, I direct that the Eighth Amendment claim alleging a denial of adequate dental care be served on defendants Anderson, McLeod, Gerry, Cattell, and Wrenn. I further direct that the claim alleging retaliation for Roy's exercise of his First Amendment right to petition the government for a redress of grievances be filed on all of the defendants named in this action.

I order the complaint (document nos. 1, 13, 16 & 17) be served on Defendants. The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation, and the complaint (document nos. 1, 13, 16 & 17). See LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf. When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants. The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: February 29, 2008

cc: Steven J. Roy, pro se